UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CHARLES BERTSCH,

    Plaintiff,

  v.

20TH CENTURY FOX TELEVISION, et al.,

    Defendants.

CASE NO. C12-5029BHS

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on Plaintiff Michael Charles Bertsch's ("Bertsch") motion to appoint counsel (Dkt. 6).

On January 11, 2012, Bertsch filed a motion to proceed in forma pauperis. Dkt. 1. On January 25, 2012, the Court denied motion because it appeared that Bertsch had sufficient funds to pay the filing fee. Dkt. 4. Later that day, Bertsch paid the filing fee and filed a civil rights complaint against Defendants.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding in forma pauperis, the Court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

ORDER - 1

In this case, Bertsch fails to show that exceptional circumstances exist for the appointment of counsel. Therefore, the Court denies his motion to appoint counsel.

With regard to Bertsch's complaint, a federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Bertsch's complaint has no basis in law. Under 42 U.S.C. § 1983, Bertsch must allege that defendants acted under color of law to deprive him of rights guaranteed by the United States Constitution. Bertsch has failed to allege, and most likely cannot show, that the private party defendants acted under color of law. Moreover, Bertsch has failed to allege any violation of a right guaranteed by the United States Constitution. Therefore, the Court dismisses his civil rights complaint.

A pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)  On the civil cover sheet Bertsch filed with the complaint, he states that his causes of action are libel, slander, and invasion of privacy. Dkt. 1-2 at 1. Bertsch should be given an opportunity to amend his complaint to allege facts supporting these causes of action. Therefore, Bertsch may file an amended complaint that briefly sets forth his causes of action no later than March 16, 2012. Failure to file an amended complaint will result in dismissal of the action.

**IT IS SO ORDERED.**

DATED this 15th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3